FILED
FRONT COUNTER
2025 JAN 27  AM 10: 35
CLERK
US BANKRUPTCY COURT
ALEXANDRIA DIVISION

IN THE UNITED STATES BANKRUPTCY COURT FOR THE EASTERN DISTRICT OF VIRGINIA
ALEXANDRIA DIVISION

In re:

VALERIA GUNKOVA,

Case No. 23-11261-BFK  24-01062-BFK
                        VG
Chapter 7

Debtor.

GERARD R. VETTER,

Acting United States Trustee for Region 4,

Plaintiff,

v.

VALERIA GUNKOVA,

Defendant.

Adversary Proc. No. 23-11261

DEFENDANT'S FIRST SET OF INTERROGATORIES TO PLAINTIFF

Pursuant to Rule 33 of the Federal Rules of Civil Procedure, made applicable to this proceeding by Rule 7033 of the Federal Rules of Bankruptcy Procedure, Defendant Valeria Gunkova ("Defendant"), Pro Se, hereby propounds the following First Set of Interrogatories to Plaintiff Gerard R. Vetter, Acting United States Trustee for Region 4 ("Plaintiff"). Plaintiff is required to answer these interrogatories fully and separately in writing under oath within thirty (30) days of service.

**DEFINITIONS**

1. The term "document(s)" shall include, but is not limited to, all written, printed, typed, recorded, or graphic material of any kind, whether electronically stored or otherwise.

2. The term "identify" when referring to a document means to provide the type, title, date, author(s), recipient(s), and subject matter of the document.

3. The term "person" means any natural person, firm, corporation, partnership, association, or other legal entity.

4. The terms "you," "your," or "Plaintiff" refer to Gerard R. Vetter, Acting United States Trustee for Region 4, and any agents, representatives, or other persons acting or purporting to act on your behalf.

5. The term "communication" includes oral, written, electronic, or any other form of conveying information.

6. The term "relating to" or "concerning" means pertaining to, referencing, describing, evidencing, or constituting.

**INSTRUCTIONS**

1. Each interrogatory must be answered fully based on all information available to Plaintiff, including information in the possession of Plaintiff's agents, attorneys, or representatives.

2. If you object to any interrogatory, state the reasons for your objection and provide all responsive information that is not subject to the objection.

3. If you cannot fully respond to an interrogatory, state the reasons why and provide the information you do possess.

4. If the answer to any interrogatory is based on information and belief, state the basis for that belief.

5. These interrogatories are continuing in nature. You are required to supplement your responses as new information becomes available in accordance with Rule 26(e) of the Federal Rules of Civil Procedure.

**INTERROGATORIES**

1. Identify all persons who assisted in preparing Plaintiff's responses to these interrogatories, including their names, job titles, and the nature of their assistance.

2. Describe in detail the factual basis for each allegation made in Plaintiff's Complaint Objecting to Discharge in this adversary proceeding.

3. Identify all documents that Plaintiff intends to rely on in this proceeding to support the claims made in the Complaint, including but not limited to correspondence, financial records, deposition transcripts, and expert reports.

4. Identify all expert witnesses retained by Plaintiff in this proceeding and provide the following information: a. The name and contact information of the expert; b. The subject matter on which the expert is expected to testify; c. A summary of the

opinions the expert is expected to provide; and d. A list of all documents or materials provided to the expert.

5. Describe in detail all communications, whether oral or written, between Plaintiff and Defendant regarding the claims and allegations in this proceeding. For each communication, identify the date, method of communication, participants, and subject matter.

6. Identify all instances where Plaintiff alleges that Defendant knowingly and fraudulently made a false oath or account, and for each instance, provide the date, nature of the alleged false statement, and evidence supporting the allegation.

7. Identify all documents or evidence supporting Plaintiff's allegations of transfers made by Defendant with the intent to hinder, delay, or defraud creditors, including the origin and chain of custody for each document or piece of evidence.

8. Identify all financial audits, reviews, or examinations conducted by Plaintiff or on Plaintiff's behalf relating to the bankruptcy estate of Valeria Gunkova, including the dates, auditors, and findings of such audits.

9. Describe in detail the basis for Plaintiff's assertion that Defendant's omissions or misstatements in her schedules and statements were made with fraudulent intent, including all evidence relied upon to support this assertion.

10. Identify all communications or agreements between Plaintiff and any third parties, including creditors, related to the claims and allegations in this proceeding.

11. Describe in detail all actions taken by Plaintiff to ensure compliance with applicable fiduciary duties in reviewing and managing Defendant's bankruptcy case, including communications, meetings, and financial audits.

12. Identify all persons with knowledge of the facts or circumstances surrounding Plaintiff's claims in this proceeding, and for each person, describe the nature of their knowledge and whether Plaintiff intends to call them as a witness.

13. Identify all actions taken by Plaintiff to investigate the accuracy of Defendant's schedules and statements, including interviews, document reviews, and third-party communications.

14. Describe in detail all attempts made by Plaintiff to negotiate or resolve the claims and disputes at issue in this proceeding prior to filing the Complaint.

15. Identify all persons, firms, or entities that Plaintiff has consulted, hired, or engaged for legal, financial, or expert assistance in this proceeding, including their names, areas of expertise, and services provided.

Dated: January 27, 2025

Respectfully submitted,

/s/ Valeria Gunkova
Valeria Gunkova
Pro Se Defendant
20701 Riptide Sq.
Sterling, VA 20165
Phone: 703-344-3189