IN THE UNITED STATES BANKRUPTCY COURT
FOR THE EASTERN DISTRICT OF VIRGINIA
Alexandria Division

FILED
FRONT COUNTER
2025 JAN 27 AM 10: 35
CLERK
US BANKRUPTCY COURT
ALEXANDRIA DIVISION

In re:
**Valeria Gunkova,**
Debtor.

Case No. ~~23-11261-BFK~~ 24-01062-BFK
Chapter 7     VG

---

**Gerard R. Vetter,**
Acting United States Trustee for Region 4,
Plaintiff,

v.

**Valeria Gunkova,**
Defendant. Pro Ce

**Adversary Proceeding**

---

**DEFENDANT'S FIRST SET OF REQUESTS FOR PRODUCTION OF DOCUMENTS TO PLAINTIFF GERARD R. VETTER AND U.S. TRUSTEE'S OFFICE**

---

**COMES NOW,** the Defendant, Valeria Gunkova, appearing pro se, and hereby propounds the following Requests to Plaintiff Gerard R. Vetter, Acting United States Trustee for Region 4, and the Office of the U.S. Trustee, pursuant to Federal Rule of Civil Procedure 34, made applicable through Federal Rule of Bankruptcy Procedure 7034. These requests are directed to the U.S. Trustee and Plaintiff's agents, and are intended to facilitate full discovery regarding matters involved in the adversary proceeding and Chapter 7 conversion, with due regard for the ongoing procedural issues and claims of improper conduct discussed in the Defendant's Motion to Disregard Improperly Obtained Evidence.

**INSTRUCTIONS FOR ANSWERING:**

1. **Response and Supplementation**: These Requests are continuing in nature. You are required to serve supplemental responses if additional information or documents come to your attention or are made available to you after the service of these responses.
2. **Objections**: If any request is objectionable, provide a response to the non-objectionable portion and specify the basis for the objection in detail.
3. **Production**: The documents requested herein shall be produced in their original form, and if that is not possible, in a format that is easily accessible and intelligible.
4. **Privilege Claims**: If any document is withheld on the basis of a claim of privilege, identify the document, the privilege claimed, and the basis for the privilege.

**DEFINITIONS:**

1. "You," "Plaintiff," or "U.S. Trustee" refers to Gerard R. Vetter, the Office of the U.S. Trustee for Region 4, and all agents, representatives, and attorneys acting on behalf of these parties.
2. "Document(s)" means all written, printed, or electronically stored information, including but not limited to emails, letters, reports, records, communications, notes, memoranda, and financial documents.
3. "341 Meeting" refers to the meetings held under 11 U.S.C. § 341 concerning the Defendant's bankruptcy case, including any meetings involving the Defendant's companies (Skin Logic LLC, Sterling Investment LLC, VJM Management LLC, BNG Group LLC).
4. "Adversary Proceeding" refers to the current adversary case filed against the Defendant, with Gerard R. Vetter as the Plaintiff.
5. "Conflicts of Interest" refers to any financial or legal arrangements that create a direct or indirect conflict affecting the integrity or impartiality of the proceedings, including dual representation.

**REQUESTS FOR PRODUCTION:**

1. **All Documents and Communications** related to the Plaintiff's investigation of the Defendant's bankruptcy case, including documents and communications from the 341 meeting(s), and any documents used or referenced by the U.S. Trustee in the Adversary Proceeding.
2. **All Documents** that describe, reflect, or summarize the Plaintiff's or U.S. Trustee's communications, findings, and conclusions derived from the 341 meeting(s) and related depositions or interrogatories.
3. **Documents Regarding the Decision to Convert** the Defendant's bankruptcy case from Chapter 11 to Chapter 7, including internal communications within the U.S. Trustee's office or between the Trustee and other parties involved.
4. **All Documents and Communications** related to the Defendant's companies, including but not limited to Skin Logic LLC, Sterling Investment LLC, VJM Management LLC,

and BNG Group LLC, particularly those considered by the Plaintiff in initiating or advancing the Adversary Proceeding.
5. **All Documents Regarding Legal Representation** of the Defendant or her companies, including communications between the U.S. Trustee and any attorneys representing the Plaintiff, or any representation related to the Defendant's companies (Skin Logic LLC, BNG Group LLC, etc.).
6. **All Documents and Communications** pertaining to any financial information disclosed during the 341 meetings, including but not limited to documents that were considered by the U.S. Trustee in making determinations related to the Defendant's bankruptcy and the Chapter 7 conversion.
7. **Documents Regarding the U.S. Trustee's Interaction** with Ms. Betheny Benes and any other parties acting in concert with the Trustee, relating to their participation in the 341 meeting(s) and the adversary proceeding.
8. **All Communications** between the U.S. Trustee and any third-party creditors, including but not limited to communications with any creditors who attended the 341 meeting(s) or participated in the adversary proceeding, relating to the Defendant's bankruptcy case.
9. **Documents Regarding the Trustee's Knowledge or Participation** in the handling of BNG Group LLC's lease agreement, including any communications or records involving modifications to the lease between BNG Group LLC and Skin Logic LLC.
10. **All Documents Reflecting or Relating to Conflicts of Interest** identified in the adversary proceeding or any procedural challenges raised by the Defendant, particularly those arising from the dual representation of Mr. Kamin, BNG Group LLC, and any creditors, as well as the representation of the Defendant's companies by law firms involved in these proceedings.
11. **Documents Related to Financial Burdens** placed on the Defendant by the bankruptcy process, including any documentation that reflects the Defendant's inability to pay or the amount of legal fees and other financial demands made in this adversary proceeding.
12. **Documents Regarding the Impact on the Defendant's Family** resulting from the bankruptcy case and the adversary proceeding, particularly those showing the potential harm to her elderly mother and her family due to the Chapter 7 conversion.
13. **Documents Regarding Health Concerns** arising from the Defendant's participation in the bankruptcy process, including any records or communications related to the Defendant's health issues as a result of this litigation.
14. **Documents Regarding the Use of the Defendant's Personal Data**, including, but not limited to, any documents related to questioning that was outside the permissible scope under 11 U.S.C. § 341, including any questions asked about personal matters such as family matters or health.
15. **Any Financial or Economic Analyses** used by the U.S. Trustee or any of its representatives in decisions regarding the Defendant's bankruptcy case, Chapter 7 conversion, or any adversary proceeding, particularly analyses relating to her financial obligations and the fate of her assets.
16. **Documents Related to the Overarching Legal Strategy** pursued by the Plaintiff or U.S. Trustee in this case, including the use of discovery tools beyond the scope of permissible actions in bankruptcy cases, including the 341 meeting(s).

**Respectfully Submitted,**

---

**Valeria Gunkova**
Pro Se
20701 Riptide Sq,
Sterling, VA 20165
703-344-3189
valeria@ariamedispa.com

---

## CERTIFICATE OF SERVICE

I hereby certify that on this 26th day of January 2025, a true and correct copy of the foregoing First Set of Requests for Production of Documents was filed electronically with the Court via the ECF system and served upon all parties entitled to receive notice.