

**Valeria Gunkova**
Pro Se
20701 Riptide Sq
Sterling, VA 20165
valeria@ariamedispa.com
703-344-3189

January 17, 2025

**Gerald R. Vetter**
Acting United States Trustee for Region 4
Office of the United States Trustee
1725 Duke Street, Suite 650
Alexandria, VA 22314

Re: Request for Information and Amicable Resolution Regarding Adversary Proceeding No. 24-01062-BFK

Dear Mr. Vetter,

I hope this letter finds you well. I am writing to follow up on my prior communication dated December 25, 2024, regarding the adversary proceeding in case number 24-01062-BFK. In that correspondence, I outlined my position and proposed steps for resolving this matter amicably, including providing additional disclosures, engaging in settlement discussions, and agreeing to future compliance measures. However, to date, I have not received a response.

As I stated in my earlier letter, I strongly believe that waiving my discharge is neither warranted nor necessary, given my full cooperation and good faith efforts throughout the bankruptcy process. I have taken immediate and appropriate steps to address any concerns raised, correcting discrepancies and providing documentation as requested. I respectfully submit that the issues raised in the adversary proceeding stem from misunderstandings rather than any intentional misconduct or omission.

In light of the above, I am requesting the following:

1. **Provision of Documentation**: Kindly provide any filings, motions, orders, or other relevant documentation pertaining to adversary proceeding 24-01062-BFK. This will enable me to fully comprehend the matters at hand and respond appropriately.
2. **Consideration of an Amicable Settlement**: I am open to further discussions aimed at reaching a fair and reasonable resolution. I believe that an amicable settlement would allow me to retain my discharge while addressing any outstanding concerns, thereby avoiding further complications for all parties involved.
3. **Commitment to Ongoing Compliance**: In the spirit of cooperation, I am prepared to agree to measures such as regular financial reporting or additional oversight, should that be necessary as part of a negotiated resolution.

4. **Attachment of Prior Letter**: I have enclosed a copy of my letter from December 25, 2024, which outlines my position and request for negotiation. As of today, I have not received a response.

I would appreciate receiving your response within 10 business days, so we can proceed accordingly. If further discussion is needed, I am more than willing to schedule a phone call or in-person meeting at your convenience.

Thank you once again for your attention to this matter. I look forward to working together toward an effective and timely resolution.

Sincerely,

*[signature]*

Valeria Gunkova
The Debtor in Pro Se

**CC: Jack Frankel**
Office of U.S. Trustee Attorney
1725 Duke Street, Suite 650
Alexandria, VA 22314

**CC: Brian F. Kenney**
U.S. Bankruptcy Court
200 South Washington Street
Alexandria, VA 22314-5405

**Enclosures:**

Letter dated December 25, 2024

**Valeria Gunkova**
20701 Riptide Sq
Sterling, VA 20165

**December 25, 2024**

**Gerard R. Vetter**
Acting United States Trustee for Region 4
Office of the United States Trustee
1725 Duke Street, Suite 650
Alexandria, VA 22314

**Re: Negotiation Regarding Adversary Proceeding No. 24-01062-BFK**

**Dear Mr. Vetter,**

I am writing to respond to your offer to waive my discharge in the above-referenced bankruptcy case. While I understand the gravity of this matter, I strongly believe that waiving my discharge is neither necessary nor justified, given my extensive cooperation, good faith efforts, and prompt corrections to address any concerns raised during this process.

As outlined in my opposition to your complaint, I maintain that any discrepancies or omissions in my filings were unintentional and made without any intent to defraud or mislead. During the creditors' meeting, I was subjected to aggressive and disorienting questioning by Mr. Kamin's attorney. This, coupled with my incomplete understanding of some questions, left me unable to present my responses adequately. Throughout the process, I have consistently followed the advice of my attorney, ensuring I acted in good faith and with the intention of full compliance. Despite these challenges, I have fully met all requirements, made prompt corrections, and provided comprehensive documentation whenever requested.

Over the past decade, I have worked tirelessly to build my business, without receiving a salary or being included in payroll. My company covered certain expenses directly, and any oversight in reporting this was promptly addressed. The income discrepancies in my filings arose from the following:

1. Reporting multiple sources of income, including salary, tips, commissions, and service-based earnings.
2. Receiving financial support from my mother, who contributed $515 per month, and from my partner, Mr. Bogatin, whose assistance varied from month to month.

These details were disclosed in good faith and corrected as soon as misunderstandings were clarified. My actions consistently reflect transparency and a commitment to the integrity of this process.

Regarding the property deed involving my mother, I want to emphasize the following:

1. My mother has lived with me for over 12 years and has contributed significantly to paying the mortgage.
2. Adding her to the deed was a practical decision based on her contributions and my genuine concern for her well-being. At the time, I believed I would be discharged from bankruptcy and felt it was unjust to risk making my 80-year-old mother homeless.

Given these facts, I strongly believe there is no basis to pursue a waiver of my discharge. To resolve this matter efficiently and avoid unnecessary litigation, I propose the following:

1. **Additional Disclosures or Documentation**: I am fully prepared to provide further information or documentation to address any specific concerns raised by the Trustee's office.
2. **Settlement Discussions**: I am open to reaching a resolution that addresses your concerns while preserving my right to a discharge.
3. **Future Compliance Measures**: To demonstrate my ongoing good faith, I am willing to agree to conditions such as regular financial reporting or additional oversight.

This approach would save time and resources for all parties while ensuring that I fulfill my obligations as a debtor, maintaining fairness and justice in this process.

I respectfully request that the Trustee's office consider this proposal and engage in further discussions to reach a reasonable resolution. I remain fully committed to cooperating in good faith and addressing any remaining concerns constructively.

Thank you for your attention to this matter. I look forward to your response.

**Sincerely,**
**Valeria Gunkova**
Debtor in Pro Se
Phone: 703-344-3189
Email: Valeria@arimedispa.com