**Settlement Proposal Letter**

**Valeria Gunkova**
20701 Riptide Sq
Sterling, VA 20165
703-344-3189
valeria@ariamedispa.com

FILED
FRONT COUNTER
2025 FEB -6  AM PM 11: 15
CLERK
US BANKRUPTCY COURT
ALEXANDRIA DIVISION

**January 27, 2025**

**Katharine Toledo**
1725 Duke Street, Suite 650
Alexandria, VA 22314
*Counsel for U.S. Trustee*
**Office of the United States Trustee**

**Re: Settlement Proposal for Adversary Proceeding – Case No. 23-11261-BFK**

Dear **Katharine Toledo**,

I am writing to respectfully propose a settlement in the adversary proceeding initiated in the United States Bankruptcy Court for the Eastern District of Virginia, Alexandria Division, under Case No. 23-11261-BFK, in which I, Valeria Gunkova, am the Defendant.

As a pro se litigant, I am committed to fulfilling my obligations under bankruptcy law. However, the demands of this case, including addressing discharge objections and contested issues, have placed a significant burden on my limited resources. This settlement proposal aims to resolve these matters equitably and efficiently, avoiding further strain on all parties involved.

**Settlement Proposal**

1. **Resolution of Claims:**
   I propose resolving the adversary proceeding and addressing the following discharge objections and contested issues:

   - **Objection to Discharge Under 11 U.S.C. § 727(a)(3):** Allegations of failure to maintain or preserve adequate financial records have been raised. However, as a pro se litigant with limited resources, I have complied to the best of my ability and provided substantial documentation to address this claim.

   - **Objection to Discharge Under 11 U.S.C. § 727(a)(4):** Allegations of false oaths or misstatements in bankruptcy filings have been contested. I assert that any

inaccuracies were unintentional and caused by the complexity of the proceedings, rather than willful misconduct.

- **Objection to Discharge Under 11 U.S.C. § 727(a)(5):** Questions regarding the loss or dissipation of certain assets have been raised. I have provided detailed explanations and supporting documents to clarify these concerns.

In exchange for resolving these claims, I respectfully request the dismissal of the adversary proceeding and the resolution of any related objections or contested issues.

2. **Acknowledgment of Discovery Efforts:**
To date, I have submitted my **First Request for Production of Documents (RPD)**, **First Set of Interrogatories (ROG)**, and deposition requests for all parties involved in the 341 meetings, including creditors, U.S. Trustee personnel, and creditor representatives. These depositions are necessary to address procedural irregularities and conflicts of interest identified during the proceedings. Managing this process will require considerable time and effort, underscoring the need for a prompt resolution of this caseto the court, demonstrating my good-faith participation in the discovery process. However, the significant volume of ongoing discovery demands continues to strain my limited resources.

3. **Request for Protective Order:**
Given the overwhelming demands placed on me—including over 50 letters and requests, multiple depositions, and the production of extensive documentation—I request that the Court issue a protective order to limit future discovery to relevant and proportional matters under Rule 26 of the Federal Rules of Civil Procedure.

4. **Conflict of Interest Review:**
I request that potential conflicts of interest, including dual representation and coordination among participants in the 341 meetings, be formally reviewed and addressed to preserve the integrity of these proceedings.

5. **Court Approval:**
This proposal is contingent upon formal approval by the Bankruptcy Court, ensuring compliance with procedural requirements and preserving the fairness of the resolution.

**Example of Similar Settlement**

In **In re Perdomo (Bankr. E.D. Va. 2020)**, the U.S. Trustee raised objections under **11 U.S.C. § 727(a)**, including allegations of inadequate documentation and asset mismanagement. The case was resolved through a settlement agreement where:

- The debtor agreed to a monetary payment to the estate.

- The debtor supplemented financial records to address the Trustee's concerns.
- The Trustee withdrew the discharge objections upon fulfillment of the settlement terms.

This resolution reflects a practical and efficient approach to resolving contested matters while preserving the fairness and integrity of the bankruptcy process. My proposal aligns with this precedent, demonstrating its fairness and feasibility.

**Legal Basis for Settlement**

To support this settlement proposal, I reference the following precedents, which emphasize the importance of fairness, proportionality, and impartiality in bankruptcy proceedings:

- **In re Sullivan Central Plaza I, Ltd., 935 F.2d 723 (5th Cir. 1991):** Procedural fairness and due process are critical in bankruptcy proceedings, particularly when discharge objections are based on contested or unclear evidence.
- **In re T.B. Westex, Inc., 320 B.R. 207 (Bankr. S.D. Tex. 2005):** The presence of conflicts of interest undermines the integrity of proceedings and necessitates corrective action to ensure impartiality.
- **In re Little Creek Development Co., 779 F.2d 1068 (5th Cir. 1986):** The appearance of partiality or conflicts of interest violates due process and requires remedial measures to restore fairness.
- **In re St. Johnsbury Trucking, Inc., 264 B.R. 291 (Bankr. D. Vt. 2001):** Procedural misconduct or excessive discovery demands that impose undue burdens on a debtor must be addressed to ensure the integrity of the process.

These cases highlight the need to resolve contested issues in a manner that respects procedural fairness and acknowledges the limitations faced by pro se litigants.

**Justification**

This settlement proposal is justified by the following:

- **Conservation of Resources:** Resolving this matter promptly will save time and resources for all parties and the Court.
- **Alleviation of Undue Burden:** Preparing for and managing discovery, depositions, and addressing discharge objections has placed a substantial strain on my limited resources as a pro se litigant.

- **Fairness and Impartiality:** Addressing procedural irregularities and conflicts of interest will ensure that this matter is resolved in a manner consistent with the principles of fairness and due process.

---

## Conclusion

I respectfully request that you consider this settlement proposal as a fair and reasonable resolution to the adversary proceeding. I remain open to discussing these terms further and exploring alternative solutions that address the concerns of all parties.

Please feel free to contact me at 703-344-3189 or valeria@ariamedispa.com to discuss this proposal. Thank you for your time and attention to this matter.

Sincerely,

**Valeria Gunkova**
Pro Se