**UNITED STATES BANKRUPTCY COURT**
**EASTERN DISTRICT OF VIRGINIA**
**Alexandria Division**

| | |
|---|---|
| In re: | |
| VALERIA V. GUNKOVA, | Case No. 23-11261-BFK |
| Debtor. | Chapter 7 |
| MATTHEW W. CHENEY, | Adversary Proceeding |
| | No. 24-01062-BFK |
| Plaintiff, | |
| v. | |
| VALERIA V. GUNKOVA, | |
| Defendant. | |

## FINDINGS OF FACT AND CONCLUSIONS OF LAW

This matter is before the Court on the Plaintiff's Summary Judgment Motion. Docket Nos. 14, 15. The Defendant, proceeding *pro se*, filed a Response to the Motion and a Supplemental Opposition to the Motion. Docket Nos. 21, 46. The Court heard the parties' arguments on March 4, 2025. For the reasons stated below, the Court will grant the Plaintiff's Motion.[1]

### Facts Not in Material Dispute

The Court finds that the following facts are not in material dispute:

*A. Ms. Gunkova's Bankruptcy Case.*

1. Valeria V. Gunkova ("Ms. Gunkova," "the Debtor," or "the Defendant") is an individual residing in Loudoun County, Virginia. She obtained a degree in business administration

[1] The Plaintiff's initial Notice of Hearing did not include a Local Rule 7056-1(H) notice, commonly known as a *Roseboro* notice. *See Roseboro v. Garrison*, 528 F.2d 309 (4th Cir. 1975). On February 19, 2025, the Plaintiff filed an Amended Notice of Hearing, which included a *Roseboro* notice.

from a university in Russia, and a master's degree from a university in the United States. *Kamin v. Gunkova*, Adv. Pro. 23-01062-BFK, Docket No. 95, Hr'g Tr. 3:19-21.[2]

2. Ms. Gunkova owns real property located at 20701 Riptide Sq. Sterling, VA 20165 ("the Property"). Docket No. 1, p. 15 (Schedule A/B). Her elderly mother lives with her in the Property.

3. Ms. Gunkova and Harry Kamin ("Mr. Kamin") each individually own a separate 50% membership interest in BNG Group, LLC ("BNG"), which owns an office building in Loudoun County, Virginia. Docket No. 1, p. 18; Adv. Pro. 23-01062-BFK, Docket No. 53, p. 2.[3]

4. Ms. Gunkova also owns a 100% membership interest in Skin Logic, LLC, which operates a spa known as Aria and leases space in the BNG building.[4]

5. On August 3, 2023, Ms. Gunkova filed a Voluntary Petition under Chapter 11 with this Court ("the Petition Date"). Case No. 23-11261-BFK. She is represented by counsel in her bankruptcy case.

6. At the Petition Date, Ms. Gunkova was engaged in highly contentious and expensive litigation with Mr. Kamin in the Circuit Court of Loudoun County, Virginia, arising out of Mr. Kamin's investment in BNG.

[2] The Court can take judicial notice of the matters contained in its own docket. *In re Heilig-Meyers Co*., 328 B.R. 471, 488–89 (E.D. Va. 2005); *In re Rivera*, Adv. Pro. No. 13–01280, 2014 WL 287517, at *2 n.2 (Bankr. E.D. Va. Jan. 27, 2014); *In re Ryan*, 472 B.R. 714, 727–28 (Bankr. E.D. Va. 2012); *In re Giordano*, 472 B.R. 313, 335 n.15 (Bankr. E.D. Va. 2012).

[3] On March 10, 2025, BNG filed a Voluntary Petition under Chapter 11 with this Court. Case No. 25-10463-BFK. The Petition was filed by the Chief Restructuring Officer (CRO), discussed below.

[4] Skin Logic, LLC, filed a Chapter 11 petition with this Court on August 24, 2023. Case No. 23-11352-KHK. On September 27, 2023, Judge Kindred entered an Order Granting the United States Trustee's Motion to Remove Debtor as Debtor in Possession and to Appoint Subchapter V Trustee as Operating Trustee. Docket No. 47. On January 22, 2025, Judge Kindred further entered an Order Approving Asset Purchase Agreement, Authorizing Sale of Assets Free and Clear of All Liens, Claims, Encumbrances and Interests and Approving Assumption and Assignment of Executory Contracts and Leases. Docket No. 180.

7. On October 26, 2023, Ms. Gunkova filed a Motion to Employ Angela Shortall as Chief Restructuring Officer (CRO) of BNG. Case No. 23-11261-BFK, 122. On October 27, 2023, the Court entered a Stipulation and Consent Order Appointing Ms. Shortall as BNG's CRO. *Id*. at Docket No. 127.

8. On July 26, 2024, Ms. Gunkova filed a Motion to Dismiss her bankruptcy case. Docket No. 229. On August 1, 2024, Mr. Kamin filed a Motion to convert Ms. Gunkova's Chapter 11 case to Chapter 7. Docket No. 237.

9. On August 28, 2024, the Court denied Ms. Gunkova's Motion to Dismiss the case, and converted the case to Chapter 7. Docket Nos. 248, 255. Donald F. King was appointed as the Chapter 7 Trustee. Docket No. 256.

*B. The Kamin Adversary Proceeding.*

10. On October 30, 2023, Mr. Kamin filed an Adversary Proceeding against Ms. Gunkova asserting direct claims on his behalf and derivative claims on BNG's behalf. The Complaint sought a non-dischargeability determination of his claims under Bankruptcy Code Section 523(a). *Kamin v. Gunkova*, Adv. Pro. 23-01062-BFK ("the *Kamin* Adversary Proceeding").

11. On November 20, 2023, Ms. Gunkova filed two Motions to Dismiss the Complaint. Docket Nos. 8–13.

12. On March 5, 2024, ruling from the bench, the Court denied her Motions. Docket Nos. 32, 33. Two orders were entered denying the Motions on March 7, 2024. Docket Nos. 38, 39.

13. On March 5, 2024, Ms. Gunkova filed a Motion to Reconsider the Denial of her Motions. Docket No. 34.

14. On March 12, 2024, the Court denied the Motion to Reconsider. Docket No. 45.

15. On July 25, 2024, the Court entered a Memorandum Opinion and a Judgment Order holding that Mr. Kamin's claims were non-dischargeable under Section 523(a) of the Bankruptcy Code, due to the spoliation of relevant evidence. Docket Nos. 104, 105. The Court granted Mr. Kamin relief from the automatic stay to liquidate his claims in state court, but not to execute on any property of the estate. *Id.*

*C. The Transfer of the Property and the Chapter 7 Trustee's Avoidance of the Transfer.*

16. On December 13, 2024, the Court approved a Stipulation and Consent Order between Ms. Gunkova and the Chapter 7 Trustee Avoiding Unauthorized Post-Petition Transfer ("the Transfer") in the main bankruptcy case. Case No. 23-11261-BFK, Docket No. 309.

17. Ms. Gunkova was represented by counsel at the time of the Stipulation and Consent Order. *Id.*

18. According to the Stipulation and Consent Order, Ms. Gunkova acquired the Property in February 2021. *Id*. at ¶ (ii).

19. Ms. Gunkova acknowledged that the Property was property of the bankruptcy estate. *Id*. ¶ (iii).

20. She further acknowledged that after the Petition Date, on April 15, 2024, she executed and recorded a Deed of Gift, conveying the Property to herself and her mother as joint tenants with right of survivorship. *Id*. at ¶ (iv).

21. She acknowledged that the Transfer was made without consideration, and that it was not authorized by the Court or by any provision of the Bankruptcy Code. *Id*. at ¶¶ (v)–(vi).

22. The Chapter 7 Trustee avoided the Transfer pursuant to 11 U.S.C. § 549. *Id*.[5]

[5] Both Ms. Gunkova and her mother signed the Stipulation and Consent Order, in addition to Ms. Gunkova's bankruptcy counsel.

*D. The U.S. Trustee Files this Adversary Proceeding.*

23. On November 25, 2024, the U.S. Trustee filed this Adversary Proceeding seeking the denial of the Debtor's discharge. Adv. Pro. 24-01062-BFK, Docket No. 1.[6]

24. On December 25, 2024, the Debtor wrote the U.S. Trustee a letter, in which she stated: "Adding her [her mother] to the deed was a practical decision based on her contributions and my genuine concern for her well-being. At the time, I believed I would be discharged from bankruptcy and felt it was unjust to risk making my 80-year-old mother homeless." Docket No. 15, Ex. 1. *See also* U.S. Trustee's Exhibit 2 ("I added her [her mother] to the deed to ensure she would not be left homeless.")[7]

**Conclusions of Law**

This Court has jurisdiction over this matter pursuant to 28 U.S.C. § 1334 and the Order of Reference entered by the U.S. District Court for this district on August 15, 1984. This is a core proceeding under 28 U.S.C. § 157(b)(2)(J) (objections to discharges).

Summary judgment is appropriate where there is no genuine dispute as to any material fact, and the moving party is entitled to judgment as a matter of law. FED. R. BANKR. P. 7056. The moving party has the initial burden of showing that there are no material facts in dispute, and that it is entitled to judgment as a matter of law. *Celotex Corp. v. Catrett*, 477 U.S. 317, 322–24 (1986). When the moving party has met its initial burden, the burden then shifts to the nonmoving party to present specific facts demonstrating that there is a genuine issue for trial. *Matsushita Elec. Indus. Co., Ltd. v. Zenith Radio Corp*., 475 U.S. 574, 586–87 (1986). Whether a fact is material or not

[6] Coincidentally, the *Kamin* Adversary Proceeding had the case number of 23-01062-BFK; this adversary proceeding has the case number of 24-01062-BFK.

[7] Although the first letter alludes to the Debtor's willingness to enter into settlement discussions, it does not contain an offer of settlement, so its admission is not barred by FED. R. EVID. 408. The statements in both letters were made by the Defendant and are admissible under FED. R. EVID. 801(d)(2)(A).

depends on the substantive law at issue in the case. *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248 (1986). "Only disputes over facts that might affect the outcome of the suit under the governing law will properly preclude the entry of summary judgment. Factual disputes that are irrelevant or unnecessary will not be counted." *Id.*

Summary judgment "is properly regarded not as a disfavored procedural shortcut, but rather as an integral part of the Federal Rules as a whole, which are designed 'to secure the just, speedy and inexpensive determination of every action." *Celotex Corp*., 477 U.S. at 327 (quoting FED. R. CIV. P. 1).

The Plaintiff asserts two Counts – Count One under Bankruptcy Code Section 727(a)(2)(B), and Count two under Bankruptcy Code Section 727(a)(4).[8] The Court will address both Counts below.

**I. Count I – Section 727(a)(2)(B).**

Bankruptcy Code § 727 is intended to prevent a discharge where debtors "play fast and loose with their assets or with the reality of their affairs." *Farouki v. Emirates Bank Int'l, Ltd*., 14 F.3d 244, 249 (4th Cir. 1994) (quoting *In re Tully*, 818 F.2d 106, 110 (1st Cir. 1987)). The Plaintiff bears the burden of proof on all the issues raised in objecting to the Debtor's discharge. *Grogan v. Garner*, 498 U.S. 279 (1991); *Farouki*, 14 F.3d at 249 ("Although the burden may shift to the debtor to provide satisfactory, explanatory evidence once the creditor has established a prima facie case, the ultimate burden rests with the creditor.")

[8] The Complaint refers to Section 727(a)(2)(A) (transfers within one year of the bankruptcy filing), but this is incorrect. Docket No. 1, p. 14. The operative statute is Section 727(a)(2)(B), for post-petition transfers. The Court finds that an amendment of the Complaint, changing Subsection (A) to Subsection (B), comports with FED. R. BANKR. P. 7015 (incorporating FED. R. CIV. P. 15(b)(1)). The amendment will aid in preserving the merits, and there is no prejudice to Ms. Gunkova in allowing the amendment.

Section 727(a)(2)(B) requires the Court to deny the Debtor a discharge where she has transferred property of the bankruptcy estate post-petition with the intent to hinder, delay or defraud her creditors. The Defendant in this case has admitted to the transfer of an interest in the Property to her mother. She denies, however, that she did so with the intent to hinder, delay or defraud her creditors.

Because direct evidence of the debtor's intent is often difficult if not impossible to establish, the courts look to badges of fraud to determine the debtor's intent. *See, e.g.*, *In re Heffner,* Adv. Pro. 15-01177-BFK, 2016 WL 8603707, at *9 (Bankr. E.D. Va. Aug. 26, 2016); *In re Laines*, 352 B.R. 397, 403 (Bankr. E.D. Va. 2005); *Hyman v. Porter (In re Porter)*, 37 B.R. 56, 63 (Bankr. E.D. Va. 1984). The badges of fraud include, but are not limited to:

> (1) retention of an interest in the transferred property by the transferor; (2) transfer between family members for allegedly antecedent debt; (3) pursuit of the transferor or threat of litigation by his creditor at the time of the transfer; (4) lack of or gross inadequacy of consideration for the conveyance; (5) retention or possession of the property by the transferor; and (6) fraudulent incurrence of indebtedness after the conveyance.

*Heffner*, 2016 WL 8603707, at *10.

In this case there were a number of badges of fraud present: the Debtor transferred an interest in property of the estate to her mother, without consideration, while the Debtor was in bankruptcy.[9] On April 15, 2024, Ms. Gunkova executed and recorded a Deed of Gift, conveying property to herself and her mother as joint tenants with right of survivorship. Case No. 23-11261-BFK, Docket No. 291. The Transfer occurred while Ms. Gunkova was in Chapter 11 and shortly

[9] The Defendant argues that her mother helped her support the Property over the years. She has not, however, presented any evidence of such support, in the form of cancelled checks or even an affidavit supporting her assertions. Transfers to family members can constitute a badge of fraud when they are made for antecedent debts. *Hyman v. Porter*, 37 B.R. at 63. Further, her assertion that there was consideration for the transfer is contradicted by the Stipulation and Consent Order, which states: "The Transfer was made without consideration." Case No. 23-11261-BFK, Docket No. 309, ¶ (v).

after the Court denied her Motion to Reconsider Denial of her Motions to Dismiss the Kamin and BNG claims on March 12, 2024. Adv. Pro. 23-01062-BFK, Docket No. 45. The U.S. Trustee has satisfied his burden to show sufficient badges of fraud from which the Debtor's fraudulent intent may be inferred.

In *In re French*, 499 F.3d 345 (4th Cir. 2007), the Fourth Circuit noted that "a determination concerning fraudulent intent depends largely upon an assessment of the credibility and demeanor of the debtor." *Id*. at 353–54 (quoting *Williamson v. Fireman's Fund Ins. Co*., 828 F.2d 249, 252 (4th Cir. 1987)). In this case, however, the Debtor has admitted to an intent to hinder, delay or defraud her creditors. In her letter of December 25, 2024, the Debtor stated that the Transfer was to address the "unjust risk" that her mother would be left homeless. Docket No. 15–1, p. 2. Ms. Gunkova was unsuccessful in her Motions to Dismiss the *Kamin* Adversary Proceeding, and on her Motion to Reconsider, only a month before the Transfer occurred. As it turned out, the Court later granted Mr. Kamin summary judgment as a spoliation sanction and sent the parties back to state court to liquidate Mr. Kamin's claims. The Debtor's Chapter 11 case was converted to Chapter 7 and the Chapter 7 Trustee successfully avoided the Transfer. The possibility of these events occurring (Mr. Kamin succeeding in the Adversary Proceeding, or the Trustee selling the Property) increased Ms. Gunkova's risk of losing the Property. The Defendant has not identified any non-creditor-related risks that possibly could have motivated the Transfer in her two Responses to the U.S. Trustee's Summary Judgment Motion. Docket Nos. 21, 46.

The Court finds that there are no material issues of fact on Count I, including that of the Debtor's fraudulent intent in making the Transfer. The Court will deny the Debtor a discharge under Count I.

**II. Count II – Section 727(a)(4).**

The Court, having found against the Defendant on Count I above, finds it unnecessary to address Count II. Count II will be dismissed without prejudice. If the case is appealed and remanded to this Court, the Plaintiff is entitled to renew Count II.

**III. Additional Relief Sought is Moot.**

Since the filing of this Motion, Ms. Gunkova has filed the following additional pleadings: *Motion for Protective Order*, Docket No. 36; *Letter To Chief Judge Kenney*, Docket No. 50; *Defendant's Motion to Compel Responses to Interrogatories And Request for Production*, Docket No. 51; *Defendant's Motion to Compel the Deposition of Michael T. Freeman and Other Witnesses*, Docket No. 52; *Motion to Extend Time Defendant's Motion to Extend Discovery Deadline*, Docket No. 53; *Corrected Motion to Compel Responses to Interrogatories and Request for Production*, Docket No. 60; *Corrected Motion to Compel the Deposition of Michael T. Freeman and Other Witnesses*, Docket No. 62; *Second Corrected Motion to Compel the Deposition of Michael T. Freeman and Other Witnesses*, Docket No. 74; *Defendant's Corrected Motion to Extend Discovery Deadline*, Docket No. 76; and *Second Corrected Motion to Compel Responses to Interrogatories and Requests for Production*, Docket No. 78.

Because the Court finds for the Plaintiff on Count I, above, the Court concludes the additional pleadings are moot and denies them as such.

**Conclusion**

The Court will enter a separate Judgment Order under which:

A. The Defendant shall be denied a discharge under Count I pursuant to 28 U.S.C. §727(a)(2)(B).

B. Count II shall be dismissed without prejudice.

C. The additional pleadings shall be denied as moot.

D. The Defendant is advised that under Bankruptcy Rule 8002, she will have fourteen (14) days from the entry of these Findings of Fact to appeal this decision to the U.S. District Court for this District by filing a Notice of Appeal with the Clerk of the Bankruptcy Court.

E. The Clerk shall mail copies of these Findings of Fact, together with the Judgment Order, or provide CM-ECF notice of its entry, to the parties below.

Date: Mar 27 2025

/s/ Brian F Kenney
HONORABLE BRIAN F. KENNEY
CHIEF U.S. BANKRUPTCY JUDGE

Alexandria, Virginia

Entered On Docket: Mar 27 2025

Copies to:

Matthew W. Cheney
1725 Duke Street
Suite 650
Alexandria, VA 22314
*Plaintiff*

Jack Frankel
1725 Duke Street
Suite 650
Alexandria, VA 22314
*Counsel for Plaintiff*

Katharine Toledo
1725 Duke Street
Suite 650
Alexandria, VA 22314
*Counsel for Plaintiff*

Valeria V. Gunkova
20701 Riptide Sq.
Sterling, VA 20165
*Defendant*