IN THE UNITED STATES BANKRUPTCY COURT
EASTERN DISTRICT OF VIRGINIA (ALEXANDRIA)

| | | |
|---|---|---|
| In Re: | ) | Case No. 23-11261-BFK |
| | ) | Alexandria, Virginia |
| VALERIA V. GUNKOVA, | ) | |
| | ) | |
| Debtor. | ) | March 4, 2025 |
| | ) | 9:51 a.m. |
| -------------------------------- | ) | |
| CHENEY, | ) | Adv. Proc. 24-01062-BFK |
| | ) | |
| Plaintiff, | ) | |
| v. | ) | |
| | ) | |
| GUNKOVA, | ) | |
| | ) | |
| Defendant. | ) | |
| -------------------------------- | ) | |

TRANSCRIPT OF HEARING ON
(14) PLAINTIFF'S MOTION FOR SUMMARY JUDGMENT; DEFENDANT'S RESPONSE AND MOTION TO COMPEL DISCOVERY #21; DEFENDANT'S REPLY BRIEF #30; DEFENDANT'S RESPONSE TO OBJECTIONS #31; PLAINTIFF'S RESPONSE TO DEFENDANT'S MOTION TO COMPEL DISCOVERY #32; LETTER FILED BY VALERIA V. GUNKOVA #46
BEFORE THE HONORABLE BRIAN F. KENNEY
UNITED STATES BANKRUPTCY JUDGE

APPEARANCES:

For Office of the U.S. Trustee: JACK I. FRANKEL, ESQ.
U.S. DEPARTMENT OF JUSTICE
1725 Duke Street
Suite 650
Alexandria, VA 22314

Also Present: Valeria V. Gunkova
Debtor-Defendant, Pro Se

Transcription Services: eScribers, LLC
7227 North 16th Street
Suite #207
Phoenix, AZ 85020
(800) 257-0885

PROCEEDINGS RECORDED BY ELECTRONIC SOUND RECORDING.

TRANSCRIPT PRODUCED BY TRANSCRIPTION SERVICE.

THE CLERK: Item number 3, Cheney v. Gunkova, adversary case number 24-1062.

THE COURT: Good morning.

MR. FRANKEL: Good morning. Jack Frankel for the U.S. Trustee.

THE COURT: Good morning, Mr. Frankel. You can proceed, please.

MR. FRANKEL: Okay. Your Honor, Jack Frankel for the U.S. Trustee. We are here today on the acting United States Trustee's motion for summary judgment on this complaint to deny the debtor a discharge. And as the Court well knows, the Supreme Court has said that summary judgment is not disfavored, but see -- is not a disfavored procedural shortcut, but rather it is an integral part of the Federal Rules as a whole, which are designed to secure the just, speedy, and inexpensive determination of every action. And that's from Celotex Corp. v. Catrett. Its purpose is to avoid, as the Court again knows, the time and expense of a trial when there are no material facts in disputes.

The facts for summary judgment here are straightforward. On August 3rd, 2023, the debtor filed a petition for relief under Chapter 11. The debtor was represented in that matter on August 28th on the motion of the creditor Harry Kamin and derivatively on behalf of BNG Group LLC. This case was converted to a case under Chapter 7.

On November 25th, 2024, the acting United States Trustee filed a complaint objecting to the debtor's discharge. The complaint has two counts. Count I, 727(a)(2)(A), the debtor, with intent to hinder, delay, or defraud a creditor or officer of the estate charged with custody of property under this title has transferred, removed, destroyed, mutilated or concealed, or permitted to be transferred, removed, destroyed, mutilated, or concealed property of the debtor within one year before the date of filing, or (B), property of the estate after the date. We put (A), and it should have been (B).

THE COURT: I think that's a typographical error.

MR. FRANKEL: Yeah, yeah, yeah.

THE COURT: It should have been (B).

MR. FRANKEL: And this is the heart of the argument in argument. In the main case, Your Honor, docket number 309, there was a stipulation and consent avoiding the unauthorized post-petition transfer. And that's dated December 13th, 2004. That's docket number 309. It is a final order of the Court.

The debtor and the Chapter 7 trustee stipulated to the following facts. The debtor is the owner of real property located at 20701 Riptide Square, Sterling, Virginia. That's the debtor's house. The house is property that the trustee may administer for the benefit of the estate. And number C, after the commencement of the case or the case was pending in Chapter 11, the debtor transferred the house to herself and her mother,

Natalia Gorbunova, as joint tenants with right of survivorship.

The transfer was without any consideration. The transfer was not authorized by the Court. The Court voided the transfer and preserved the property for the benefit of the estate. And again, Your Honor, after that order was final, and the only issue remaining is the intent of the debtor in doing it. And again, as the Court knows, I've been here many times before. We've argued about In re: French in the Fourth Circuit. The main case on intent and summary judgment is In re: French.

And I want to apologize to the Court. I took the wrong glasses off. I have to hold the things up.

THE COURT: Okay. Happens to me all the time.

MR. FRANKEL: In re: French is 499 F.3d 349, 359. And it stated:

"Recognizing the law on summary judgment is well settled. It bears repeating that summary judgment should be granted only when it is clear that there is no dispute about the facts or inferences to be drawn therefrom."

And again, as the Court well knows, that's the holding of In re: French. And it's been cited many, many times. In In re: French, the debtor denied an intent to defraud. And that statement was crucial to the Fourth Circuit overturning the lower court's decision. The court stated:

"By disregarding French, the debtor's, explanation and denial, the bankruptcy court was in fact weighing the evidence and making credibility determinations, all while failing to give French the benefit of all reasonable inferences."

That's In re: French, 499 F.3d 359.

In this situation, the United States Trustee's not asking the Court to disregard the debtor's statement, but on the contrary, to accept it. The debtor stated in a letter to the former acting United States Trustee Gerard R. Vetter with a copy to the Court. That's adversary docket number 12 and labeled as a letter to Your Honor as to the post-petition transfer.

"My mother has lived with me for over twelve years and has contributed significantly to paying the mortgage. Number two, adding to the deed was a practical decision on my -- based on my genuine concern for her well-being. At the time, I believe I would be discharged from bankruptcy and felt it unjust to risk making my eighty-year-old mother homeless."

It is clear from the letter, and it's part of -- it's been unrefuted that the transfer was done voluntarily, purposely, and willingly.

The debtor violated the bankruptcy axiom that one must be just before it's generous. As one court stated, and I've

cleaned up the quote, about pre-filing transfers:

"The law prohibiting fraudulent transfers protects creditors from transactions undertaken by the debtor prior to bankruptcy proceedings, which deplete the pool of assets that will eventually be available to satisfy the creditors' claims. The origins date back to the Statute 13 of Elizabeth, which made it fraudulent to hide assets from creditors by giving them to one's families, friends, or associates. Such a transfer operates to prioritize the friend or family member over bona fide creditors, which in turn violates the principle be just before you are generous."

And that's in In re: Palladino, 942 F.3d 55.

Again, that -- and the actual quote, just before generous, comes from, I think, Ulysses. But again, it's been quoted many times in courts. Courts closely scrutinize -- and this is from the Fourth Circuit -- "courts closely scrutinized transfers between related parties. Indeed, such transfers, if made without adequate consideration, create a perception of fraudulent intent." That's from Tavenner v. Smoot, 257 F.3d 401, 408. That's from the Fourth Circuit 2001. And this court has stated that, "Badges of fraud can include a transfer to an insider (a spouse or a relative), transfers for no consideration, or the retention and continual use of the

property by the transfer. And that's from In re: Vaughn, number 21-11260-khk.

Denial of discharge by summary judgment, as I know and as the Court has explained, is rarely granted. Most grounds for denial of discharge require a finding of intent. But in this case, Your Honor, and this is the thing I'm arguing. In this case, the intent has been acknowledged. A trial's not going to change this. The debtor has repeatedly stated this, and she's did it for the benefit of her mother. And this, again, goes against everything from bankruptcy. The order's final. There's no doubt here.

So the Court would not be -- and again, I know and I respect and appreciate the Court has to be concerned about In re: French, but the Court is not going against In re: French. It's following it. This is 180 degrees. In French, we had a debtor denying his intent. Here, we have a debtor expressing the intent. I did this for these reasons. And more importantly, here, I checked. I did a word search. I could not find that her mother's even listed as a creditor. So it's just -- and she stated, I wanted to take care of my mother.

It's a noble sentiment. But in bankruptcy, as I say, you have to be just before you can be generous. You can't basically deny the creditors whatever money they could get by giving it to a family member. We could have every debtor come in here and say, I gave it to my brother-in-law, my son, my

aunt because they did all these things for me, even though they're not creditors, because I wanted to make sure. But that's not how the system works.

And again, she -- and a trial would not change these facts. These are not disputed facts. There was nothing from the debtor saying, I didn't do it, or it was a mistake or anything like that. She did it purposely and willingly.

Not to grant summary judgment on this count would be disregarding a final consent order of this Court and the debtor's own statements showing the debtor intended to transfer. And this is -- I believe, Your Honor, and again, with all due -- given my history with the Court and In re: French, you're not going against In re: French. The intent is there. I don't want to keep repeating myself, and I've been told not to so -- but that's my point.

And I don't know how -- and the debtor hasn't repudiated. There's nothing from the debtor saying I didn't because I didn't know. She says the reason why. I don't think we have to go beyond that. And I think that's enough to deny her a discharge in bankruptcy.

The other count is Count II, false oath, and that count -- and in the second count is making a false oath. And that's under Section 727(a)(4). The Court shall grant the debtor discharge unless the debtor knowingly and fraudulently or in connection with the case made a false oath

(indiscernible). And here, I'm not going to -- I've been arguing these things too long. I'm not going to say the intent can be found here, but I think the Court could find this material and fraudulent. And then --

THE COURT: Well, what exactly was the false oath here? It was the -- it had to do with the transfers to the insiders, the cash transfers, and so forth?

MR. FRANKEL: Yes, that's another thing, too, that she did. But I think the thing to mother crystallizes everything. It's transfers to Mr. Gunkova -- I mean, Mr. Bogatin. To other people. But again, the house crystallizes what everything that went wrong here. It's an order. It's a final order.

THE COURT: But that's really what I was getting at was --

MR. FRANKEL: Okay.

THE COURT: -- what was the -- what was the false oath concerning the transfer of the house? Was there a --

MR. FRANKEL: One of the things was -- well, the false oath is she misstated her income and expenses. She changed the things five times. That was basically the false oath is how much money she was making --

THE COURT: Oh, the --

MR. FRANKEL: -- from the income. She didn't count --

THE COURT: The Skin Logic income?

MR. FRANKEL: Yes. She didn't count her credit cards.

What she gave to Mr. Bogatin. Things of that nature that. I've looked at the case so much, I mean, that's sort of like a given. And she amended the petition five or four -- after the first one, she amended it four times, trying to get it straight. As a judge -- as a general rule, a subsequent disclosure would not absolve the debtor from original false statements made under penalty of perjury. This defense has generally been rejected by courts. She can't keep amending the things.

The debtor's defense to these inaccuracies is that she doesn't understand the English language. She was represented by counsel. The Court has found in the adversary proceeding just before us that she has a -- that she has a degree from American College. She's certainly not an uneducated, unsophisticated woman. Person.

Her statement whether the debtors are misunderstanding of certain questions, she said it was exacerbated by her first language not being English and by her academic background, while mainly in physics. This Court found in Kamin v. Gunkova that the debtor has a degree in business administration from a university in Russia and a master's degree from a university in the United States. Memorandum opinion, Kamin v. Gunkova, docket 104, page 4. The debtor is a fifty-percent member of BNG Group. They purchased a building for 9.5 million.

Again, Your Honor, I won't keep saying again. The

Court knows probably better than I do this is a sophisticated business person. That she couldn't fill out the bankruptcy schedules, this was done deliberately and intentionally.

And again, she said she wasn't employed, given this finding by the Court, it's hard to accept that she did not have a genuine misunderstanding of what constituted formal employment and her false omissions and statements were honest mistakes. They weren't honest mistakes. It would either -- if they were mistakes, it was with a careless disregard for the whole truth and the seriousness of the bankruptcy process.

The purpose of bankruptcy, Your Honor, as the Court knows, is to give honest debtors a fresh start. In this situation, given the Court's past findings, it is not -- it is not an unsubstantiated conclusion that the debtor's willfully and intentionally made false statements or omissions in her bankruptcy schedules. She didn't put down her income.

Again, it's she was taking money. These were material, and they were false. She amended four times. Again, this, again, I believe that Count II shall -- the Court should find that on Count II. But on Count I, I believe the intent has been established. And the whole point of summary judgment is to avoid even more delay in a case when it's not necessary. Thank you, Your Honor.

THE COURT: Okay. Thank you.

Ms. Gunkova.

MS. GUNKOVA: Honorable Judge Kenney, I stand before you today for the opposition of United State of Trustee motion for summary of judgment. This motion should be denied because the genuine dispute of materials fact that required a full trial.

First, the transfer of my property of my mom was not fraudulently. It was done transparently for education reason and fully disclosed in my bankruptcy filing. My mom, who is elderly and financially dependent, had contributed to the house for years. And I sought to ensure her stability, not defraud the creditors.

Second, my bankruptcy filing contained no knowingly false statements. Any discrepancies in my financial disclosure were unintentional, later corrected, and made of good faith. Throughout this proceeding, I have provided full transparency through the multiple amendment filing and monthly operating reports.

Third, the United States Trustee has actively resisted discovery and deposition of key witnesses, restricting my ability to present and full and fair defense.

Additionally, the aggressive and inappropriate questions from Benes during the 341 meetings went beyond the scope of bankruptcy law, raising concerns about fairness of this proceeding.

Given this factor, I respectfully request the Court

deny U.S. Trustee motion for summary judgment and allow for the fair trial. Furthermore, I seek an extension to discovery until May 15th, 2025 to ensure due process. I always believed U.S.A. Trustee. Now they have two attorneys agents me. Person who doesn't speak English very well, but he said, I do. I always believed Trustee is supposed to be help working class, but they put down and kick out on the street. This is not fair to me.

THE COURT: Okay. Thank you. The Court will take the motion under advisement, and I'll issue a ruling in due course. And I thank the parties for their arguments today.

(Whereupon these proceedings were concluded at 10:09 AM)

C E R T I F I C A T I O N

I, River Wolfe, the court-approved transcriber, do hereby certify the foregoing is a true and correct transcript from the official electronic sound recording of the proceedings in the above-entitled matter.

April 10, 2025

RIVER WOLFE DATE

TTA-Certified Digital Legal Transcriber CDLT-265

## A

**ability (1)** 13:20
**absolve (1)** 11:6
**academic (1)** 11:18
**accept (2)** 6:9;12:5
**acknowledged (1)** 8:7
**acting (3)** 3:9;4:1;6:10
**action (1)** 3:16
**actively (1)** 13:18
**actual (1)** 7:15
**adding (1)** 6:16
**Additionally (1)** 13:21
**adequate (1)** 7:20
**administer (1)** 4:23
**administration (1)** 11:20
**adversary (3)** 3:2;6:11;11:12
**advisement (1)** 14:10
**again (17)** 3:17;5:5,7,21;7:15,16;8:10,12;9:4,11;10:11;11:25,25;12:4,17,18,19
**against (3)** 8:10,14;9:13
**agents (1)** 14:4
**aggressive (1)** 13:21
**allow (1)** 14:1
**always (2)** 14:3,6
**amended (3)** 11:3,4;12:18
**amending (1)** 11:8
**amendment (1)** 13:16
**American (1)** 11:14
**apologize (1)** 5:11
**appreciate (1)** 8:13
**argued (1)** 5:8
**arguing (2)** 8:6;10:2
**argument (2)** 4:14,15
**arguments (1)** 14:11
**assets (2)** 7:5,8
**associates (1)** 7:9
**attorneys (1)** 14:4
**August (2)** 3:21,23
**aunt (1)** 9:1
**authorized (1)** 5:3
**available (1)** 7:5
**avoid (2)** 3:17;12:22
**avoiding (1)** 4:16
**axiom (1)** 6:24

## B

**back (1)** 7:6
**background (1)** 11:18
**Badges (1)** 7:23
**bankruptcy (14)** 6:2,19,24;7:4;8:10,21;9:20;12:2,10,11,16;13:8,12,23
**based (1)** 6:17
**basically (2)** 8:23;10:20
**bears (1)** 5:17
**behalf (1)** 3:24
**benefit (4)** 4:23;5:4;6:4;8:9
**Benes (1)** 13:22
**better (1)** 12:1
**beyond (2)** 9:19;13:22
**BNG (2)** 3:24;11:24
**Bogatin (2)** 10:10;11:1
**bona (1)** 7:11
**brother-in-law (1)** 8:25
**building (1)** 11:24
**business (2)** 11:20;12:2

## C

**can (4)** 3:6;7:23;8:22;10:3
**cards (1)** 10:25
**care (1)** 8:20
**careless (1)** 12:9
**case (12)** 3:2,25,25;4:15,24,24;5:9;8:6,7;9:25;11:2;12:22
**cash (1)** 10:7
**Catrett (1)** 3:17
**Celotex (1)** 3:16
**certain (1)** 11:17
**certainly (1)** 11:14
**change (2)** 8:8;9:4
**changed (1)** 10:19
**Chapter (4)** 3:22,25;4:19,24
**charged (1)** 4:5
**checked (1)** 8:18
**Cheney (1)** 3:1
**Circuit (4)** 5:9,24;7:18,22
**cited (1)** 5:22
**claims (1)** 7:6
**class (1)** 14:6
**cleaned (1)** 7:1
**clear (2)** 5:18;6:21
**CLERK (1)** 3:1
**closely (2)** 7:17,18
**College (1)** 11:14
**commencement (1)** 4:24
**complaint (3)** 3:10;4:2,3
**concealed (2)** 4:7,8
**concern (1)** 6:17
**concerned (1)** 8:13
**concerning (1)** 10:17
**concerns (1)** 13:23
**concluded (1)** 14:12
**conclusion (1)** 12:14
**connection (1)** 9:25
**consent (2)** 4:16;9:9
**consideration (3)** 5:2;7:20,25
**constituted (1)** 12:6
**contained (1)** 13:12
**continual (1)** 7:25
**contrary (1)** 6:9
**contributed (2)** 6:15;13:9
**converted (1)** 3:25
**copy (1)** 6:11
**Corp (1)** 3:16
**corrected (1)** 13:14
**counsel (1)** 11:12
**Count (11)** 4:3;9:8,21,21,22,22;10:23,25;12:19,20,20
**counts (1)** 4:3
**course (1)** 14:10
**COURT (43)** 3:3,6,11,12,17;4:11,13,18;5:3,3,7,11,13,21,25;6:2,8,11,25;7:22;8:4,12,13,14;9:9,12,23;10:3,5,13,16,22,24;11:12,19;12:1,5,11,19,24;13:25;14:9,9
**courts (4)** 7:17,17,18;11:8
**court's (2)** 5:25;12:13
**create (1)** 7:20
**credibility (1)** 6:3
**credit (1)** 10:25
**creditor (3)** 3:24;4:4;8:19
**creditors (6)** 7:3,8,11;8:23;9:2;13:11
**creditors' (1)** 7:6
**crucial (1)** 5:24
**crystallizes (2)** 10:9,11
**custody (1)** 4:5

## D

**date (3)** 4:9,10;7:6
**dated (1)** 4:17
**debtor (26)** 3:11,21,22;4:4,8,19,20,25;5:6,23;6:9,24;7:3;8:8,16,16,24;9:6,10,16,17,24,24;11:6,20,23
**debtors (2)** 11:16;12:12
**debtor's (7)** 4:2,22;6:1,8,8;9:10;11:10;12:14
**December (1)** 4:17
**decision (2)** 5:25;6:17
**deed (1)** 6:16
**defense (3)** 11:7,10;13:20
**defraud (3)** 4:4;5:23;13:10
**degree (3)** 11:13,20,21
**degrees (1)** 8:15
**delay (2)** 4:4;12:22
**deliberately (1)** 12:3
**denial (3)** 6:2;8:3,5
**denied (2)** 5:23;13:3
**deny (4)** 3:10;8:23;9:19;14:1
**denying (1)** 8:16

dependent (1) 13:9
deplete (1) 7:4
deposition (1) 13:19
derivatively (1) 3:24
designed (1) 3:15
destroyed (2) 4:6,7
determination (1) 3:16
determinations (1) 6:3
discharge (6) 3:11;4:2;8:3,5;9:20,24
discharged (1) 6:19
disclosed (1) 13:8
disclosure (2) 11:6;13:13
discovery (2) 13:19;14:2
discrepancies (1) 13:13
disfavored (2) 3:12,13
dispute (2) 5:19;13:4
disputed (1) 9:5
disputes (1) 3:19
disregard (2) 6:8;12:9
disregarding (2) 6:1;9:9
docket (4) 4:15,18;6:11;11:23
done (3) 6:22;12:3;13:7
doubt (1) 8:11
down (2) 12:16;14:7
drawn (1) 5:19
due (3) 9:12;14:3,10
during (1) 13:22

E

education (1) 13:7
eighty-year-old (1) 6:20
either (1) 12:8
elderly (1) 13:9
Elizabeth (1) 7:7
employed (1) 12:4
employment (1) 12:7
English (3) 11:11,18;14:5
enough (1) 9:19
ensure (2) 13:10;14:3
error (1) 4:11
established (1) 12:21
estate (4) 4:5,9,23;5:5
even (3) 8:19;9:1;12:22
eventually (1) 7:5
evidence (1) 6:3
exacerbated (1) 11:17
exactly (1) 10:5
expense (1) 3:18
expenses (1) 10:19
explained (1) 8:4
explanation (1) 6:1
expressing (1) 8:16
extension (1) 14:2

F

F3d (4) 5:14;6:6;7:14,21
fact (2) 6:2;13:4
factor (1) 13:25
facts (6) 3:19,20;4:20;5:19;9:5,5
failing (1) 6:4
fair (3) 13:20;14:2,7
fairness (1) 13:23
faith (1) 13:14
false (12) 9:21,22,25;10:5,16,18,20;11:6;12:7,15,18;13:13
families (1) 7:9
family (2) 7:10;8:24
Federal (1) 3:14
felt (1) 6:19
fide (1) 7:11
fifty-percent (1) 11:23
filed (2) 3:21;4:2
filing (4) 4:9;13:8,12,16
fill (1) 12:2
final (5) 4:18;5:5;8:11;9:9;10:12
financial (1) 13:13
financially (1) 13:9
find (3) 8:19;10:3;12:20
finding (2) 8:5;12:5
findings (1) 12:13
first (3) 11:4,17;13:6
five (2) 10:20;11:3
following (2) 4:20;8:15
formal (1) 12:6
former (1) 6:10
forth (1) 10:7
found (3) 10:3;11:12,19
four (3) 11:3,4;12:18
Fourth (4) 5:8,24;7:18,22
FRANKEL (13) 3:4,4,6,8,8;4:12,14;5:14;10:8,15,18,23,25
fraud (1) 7:23
fraudulent (4) 7:2,8,21;10:4
fraudulently (2) 9:24;13:7
French (13) 5:8,10,14,22,23;6:1,4,6;8:14,14,15;9:13,13
fresh (1) 12:12
friend (1) 7:10
friends (1) 7:9
full (3) 13:4,15,20
fully (1) 13:8
Furthermore (1) 14:2

G

gave (2) 8:25;11:1
general (1) 11:5
generally (1) 11:8
generous (4) 6:25;7:13,16;8:22
genuine (3) 6:17;12:6;13:4
Gerard (1) 6:10
given (5) 9:12;11:3;12:4,13;13:25
giving (2) 7:8;8:24
glasses (1) 5:12
goes (1) 8:10
Good (4) 3:3,4,6;13:14
Gorbunova (1) 5:1
grant (2) 9:8,23
granted (2) 5:18;8:4
grounds (1) 8:4
Group (2) 3:24;11:24
Gunkova (6) 3:1;10:10;11:19,22;12:25;13:1

H

Happens (1) 5:13
hard (1) 12:5
Harry (1) 3:24
heart (1) 4:14
help (1) 14:6
herself (1) 4:25
hide (1) 7:8
hinder (1) 4:4
history (1) 9:12
hold (1) 5:12
holding (1) 5:21
homeless (1) 6:20
honest (3) 12:7,8,12
Honor (9) 3:8;4:15;5:5;6:12;8:6;9:11;11:25;12:11,23
Honorable (1) 13:1
house (6) 4:22,22,25;10:11,17;13:9

I

II (3) 9:21;12:19,20
importantly (1) 8:18
inaccuracies (1) 11:10
inappropriate (1) 13:21
include (1) 7:23
income (4) 10:19,23,24;12:16
Indeed (1) 7:19
indiscernible (1) 10:1
inexpensive (1) 3:15
inferences (2) 5:19;6:5
insider (1) 7:24
insiders (1) 10:7
integral (1) 3:14
intended (1) 9:10
intent (12) 4:4;5:6,9,23;7:21;8:5,7,16,17;9:13;

10:2;12:20
**intentionally (2)** 12:3,15
**issue (2)** 5:6;14:10
**Item (1)** 3:1

**J**

**Jack (2)** 3:4,8
**joint (1)** 5:1
**judge (2)** 11:5;13:1
**judgment (11)** 3:10,12,20;5:9,16,17;8:3;9:8;12:21;13:3;14:1

**K**

**Kamin (3)** 3:24;11:19,22
**keep (3)** 9:14;11:8,25
**Kenney (1)** 13:1
**key (1)** 13:19
**kick (1)** 14:7
**knowingly (2)** 9:24;13:12
**knows (6)** 3:11,17;5:7,21;12:1,12

**L**

**labeled (1)** 6:12
**language (2)** 11:11,18
**later (1)** 13:14
**law (3)** 5:16;7:2;13:23
**letter (3)** 6:9,12,21
**listed (1)** 8:19
**lived (1)** 6:14
**LLC (1)** 3:25
**located (1)** 4:21
**Logic (1)** 10:24
**long (1)** 10:2
**looked (1)** 11:2
**lower (1)** 5:25

**M**

**main (2)** 4:15;5:9
**mainly (1)** 11:19
**making (4)** 6:3,20;9:22;10:21
**many (4)** 5:7,22,22;7:17
**master's (1)** 11:21
**material (3)** 3:18;10:4;12:18
**materials (1)** 13:4
**matter (1)** 3:23
**may (2)** 4:22;14:3
**mean (2)** 10:10;11:2
**meetings (1)** 13:22
**member (3)** 7:11;8:24;11:23
**Memorandum (1)** 11:22
**million (1)** 11:24
**misstated (1)** 10:19
**mistake (1)** 9:6
**mistakes (3)** 12:8,8,9
**misunderstanding (2)** 11:16;12:6
**mom (2)** 13:6,8
**money (3)** 8:23;10:21;12:17
**monthly (1)** 13:16
**more (2)** 8:17;12:22
**morning (3)** 3:3,4,6
**mortgage (1)** 6:15
**Most (1)** 8:4
**mother (6)** 4:25;6:14,20;8:9,20;10:9
**mother's (1)** 8:19
**motion (6)** 3:10,23;13:2,3;14:1,10
**much (2)** 10:21;11:2
**multiple (1)** 13:16
**must (1)** 6:24
**mutilated (2)** 4:6,8
**myself (1)** 9:14

**N**

**Natalia (1)** 5:1
**nature (1)** 11:1
**necessary (1)** 12:22
**noble (1)** 8:21
**November (1)** 4:1
**number (8)** 3:1,2;4:15,18,23;6:11,16;8:2

**O**

**oath (7)** 9:21,22,25;10:5,17,19,20
**objecting (1)** 4:2
**off (1)** 5:12
**officer (1)** 4:5
**omissions (2)** 12:7,15
**one (5)** 4:8;6:24,25;10:18;11:4
**one's (1)** 7:9
**only (2)** 5:6,18
**operates (1)** 7:10
**operating (1)** 13:16
**opinion (1)** 11:22
**opposition (1)** 13:2
**order (5)** 4:18;5:5;9:9;10:12,12
**order's (1)** 8:10
**original (1)** 11:6
**origins (1)** 7:6
**out (2)** 12:2;14:7
**over (2)** 6:14;7:11
**overturning (1)** 5:24
**own (1)** 9:10
**owner (1)** 4:20

**P**

**page (1)** 11:23
**Palladino (1)** 7:14
**part (2)** 3:14;6:21
**parties (2)** 7:19;14:11
**past (1)** 12:13
**paying (1)** 6:15
**penalty (1)** 11:7
**pending (1)** 4:24
**people (1)** 10:11
**perception (1)** 7:20
**perjury (1)** 11:7
**permitted (1)** 4:7
**Person (3)** 11:15;12:2;14:4
**petition (2)** 3:22;11:3
**physics (1)** 11:19
**please (1)** 3:7
**point (2)** 9:15;12:21
**pool (1)** 7:5
**post-petition (2)** 4:17;6:12
**practical (1)** 6:16
**pre-filing (1)** 7:1
**present (1)** 13:20
**preserved (1)** 5:4
**principle (1)** 7:12
**prior (1)** 7:4
**prioritize (1)** 7:10
**probably (1)** 12:1
**procedural (1)** 3:13
**proceed (1)** 3:7
**proceeding (3)** 11:12;13:15,24
**proceedings (2)** 7:4;14:12
**process (2)** 12:10;14:3
**prohibiting (1)** 7:2
**property (8)** 4:5,8,9,20,22;5:4;8:1;13:6
**protects (1)** 7:2
**provided (1)** 13:15
**purchased (1)** 11:24
**purpose (2)** 3:17;12:11
**purposely (2)** 6:23;9:7
**put (3)** 4:10;12:16;14:7

**Q**

**quote (2)** 7:1,15
**quoted (1)** 7:17

**R**

**raising (1)** 13:23
**rarely (1)** 8:4
**rather (1)** 3:13
**re (12)** 5:8,10,14,22,23;6:6;7:14;8:1,14,14;9:12,13
**real (1)** 4:20
**really (1)** 10:13
**reason (2)** 9:18;13:7
**reasonable (1)** 6:5
**reasons (1)**

8:17
**Recognizing (1)**
  5:16
**rejected (1)**
  11:8
**related (1)**
  7:19
**relative (1)**
  7:24
**relief (1)**
  3:22
**remaining (1)**
  5:6
**removed (2)**
  4:6,7
**repeatedly (1)**
  8:8
**repeating (2)**
  5:17;9:14
**reports (1)**
  13:17
**represented (2)**
  3:23;11:11
**repudiated (1)**
  9:17
**request (1)**
  13:25
**require (1)**
  8:5
**required (1)**
  13:4
**resisted (1)**
  13:18
**respect (1)**
  8:13
**respectfully (1)**
  13:25
**restricting (1)**
  13:19
**retention (1)**
  7:25
**right (1)**
  5:1
**Riptide (1)**
  4:21
**risk (1)**
  6:19
**rule (1)**
  11:5
**Rules (1)**
  3:14
**ruling (1)**
  14:10
**Russia (1)**
  11:21

**S**

**satisfy (1)**
  7:6
**saying (3)**
  9:6,17;11:25
**schedules (2)**
  12:3,16
**scope (1)**
  13:23
**scrutinize (1)**
  7:17
**scrutinized (1)**
  7:18
**search (1)**
  8:18
**second (2)**
  9:22;13:12
**Section (1)**
  9:23
**secure (1)**
  3:15
**seek (1)**
  14:2
**sentiment (1)**
  8:21
**seriousness (1)**
  12:10
**settled (1)**
  5:17
**shall (2)**
  9:23;12:19
**shortcut (1)**
  3:13
**showing (1)**
  9:10
**significantly (1)**
  6:15
**situation (2)**
  6:7;12:13
**Skin (1)**
  10:24
**Smoot (1)**
  7:21
**son (1)**
  8:25
**sophisticated (1)**
  12:1
**sort (1)**
  11:2
**sought (1)**
  13:10
**speak (1)**
  14:5
**speedy (1)**
  3:15
**spouse (1)**
  7:24
**Square (1)**
  4:21
**stability (1)**
  13:10
**stand (1)**
  13:1
**start (1)**
  12:12
**State (1)**
  13:2
**stated (7)**
  5:15,25;6:9,25;
  7:23;8:8,20
**statement (3)**
  5:24;6:8;11:16
**statements (5)**
  9:10;11:7;12:7,15;
  13:13
**States (6)**
  3:9;4:1;6:7,10;
  11:22;13:18
**Statute (1)**
  7:7
**Sterling (1)**
  4:21
**stipulated (1)**
  4:19
**stipulation (1)**
  4:16
**straight (1)**
  11:5
**straightforward (1)**
  3:21
**street (1)**
  14:7
**subsequent (1)**
  11:5
**summary (11)**
  3:10,12,20;5:9,16,
  17;8:3;9:8;12:21;
  13:3;14:1
**supposed (1)**
  14:6
**Supreme (1)**
  3:12
**sure (1)**
  9:2
**survivorship (1)**
  5:1
**system (1)**
  9:3

**T**

**Tavenner (1)**
  7:21
**tenants (1)**
  5:1
**therefrom (1)**
  5:20
**Third (1)**
  13:18
**though (1)**
  9:1
**Throughout (1)**
  13:15
**times (6)**
  5:7,22;7:17;10:20;
  11:4;12:18
**title (1)**
  4:6
**today (3)**
  3:9;13:2;14:11
**told (1)**
  9:15
**took (1)**
  5:11
**transactions (1)**
  7:3
**transfer (12)**
  4:17;5:2,3,4;6:13,
  22;7:10,23;8:1;9:11;
  10:17;13:6
**transferred (3)**
  4:6,7,25
**transfers (8)**
  7:1,2,19,19,24;10:6,
  7,10
**transparency (1)**
  13:15
**transparently (1)**
  13:7
**trial (4)**
  3:18;9:4;13:5;14:2
**trial's (1)**
  8:7
**Trustee (11)**
  3:5,9;4:2,19,22;
  6:10;13:2,18;14:1,4,6
**Trustee's (2)**
  3:10;6:7
**truth (1)**
  12:10
**trying (1)**
  11:4
**turn (1)**
  7:11
**twelve (1)**
  6:14
**two (3)**
  4:3;6:16;14:4
**typographical (1)**
  4:11

**U**

**Ulysses (1)**
  7:16
**unauthorized (1)**
  4:16
**under (6)**
  3:22,25;4:5;9:23;
  11:7;14:10
**undertaken (1)**
  7:3
**uneducated (1)**
  11:14
**unintentional (1)**
  13:14
**United (7)**
  3:9;4:1;6:7,10;
  11:22;13:2,18
**university (2)**
  11:21,21
**unjust (1)**
  6:19
**unless (1)**
  9:24
**unrefuted (1)**
  6:22
**unsophisticated (1)**
  11:15
**unsubstantiated (1)**
  12:14
**up (2)**
  5:12;7:1
**USA (1)**
  14:4
**use (1)**
  7:25

**V**

**Vaughn (1)**
  8:1
**Vetter (1)**
  6:10
**violated (1)**
  6:24
**violates (1)**
  7:12
**Virginia (1)**
  4:21
**voided (1)**
  5:3
**voluntarily (1)**
  6:22

**W**

**weighing (1)**
  6:2
**well-being (1)**
  6:18
**weren't (1)**
  12:8
**Whereupon (1)**
  14:12
**whole (3)**
  3:14;12:10,21
**willfully (1)**
  12:14
**willingly (2)**
  6:23;9:7
**within (1)**
  4:8
**without (2)**
  5:2;7:20
**witnesses (1)**
  13:19
**woman (1)**
  11:15
**word (1)**
  8:18
**working (1)**
  14:6
**works (1)**
  9:3
**wrong (2)**
  5:12;10:12

**Y**

**year (1)** 4:8
**years (2)** 6:14;13:10

**1**

**10:09 (1)** 14:12
**104 (1)** 11:23
**11 (2)** 3:22;4:25
**12 (1)** 6:11
**13 (1)** 7:7
**13th (1)** 4:17
**15th (1)** 14:3
**180 (1)** 8:15

**2**

**2001 (1)** 7:22
**2004 (1)** 4:17
**2023 (1)** 3:21
**2024 (1)** 4:1
**2025 (1)** 14:3
**20701 (1)** 4:21
**21-11260-khk (1)** 8:2
**24-1062 (1)** 3:2
**257 (1)** 7:21
**25th (1)** 4:1
**28th (1)** 3:23

**3**

**3 (1)** 3:1
**309 (2)** 4:15,18
**341 (1)** 13:22
**349 (1)** 5:14
**359 (2)** 5:14;6:6
**3rd (1)** 3:21

**4**

**4 (1)** 11:23
**401 (1)** 7:22
**408 (1)** 7:22
**499 (2)** 5:14;6:6

**5**

**55 (1)** 7:14

**7**

**7 (2)** 3:25;4:19
**727a2A (1)** 4:3
**727a4 (1)** 9:23

**9**

**9.5 (1)** 11:24
**942 (1)** 7:14