## UNITED STATES BANKRUPTCY COURT
## EASTERN DISTRICT OF VIRGINIA
### Alexandria Division

| | |
|---|---|
| In re:<br><br>VALERIA V. GUNKOVA,<br><br>        Debtor. | Case No. 23-11261-BFK<br>Chapter 7 |
| HARRY KAMIN,<br>Individually and on behalf of BNG Group LLC,<br><br>        Plaintiffs,<br><br>v.<br><br>VALERIA V. GUNKOVA,<br><br>        Defendant. | Adversary Proceeding<br>No. 23-01062-BFK |
| MATTHEW W. CHENEY,<br>Acting United States Trustee for Region 4,<br><br>        Plaintiff,<br><br>v.<br><br>VALERIA V. GUNKOVA,<br><br>        Defendant. | Adversary Proceeding<br>No. 24-01062-BFK |

## ORDER DENYING MOTIONS

These matters came before the Court on Valeria Gunkova's eight motions filed across her main bankruptcy case and two adversary proceedings: (1) *Debtor's Motion for Restart of Case, Stay of Orders, and Evidentiary Hearing Due to New Evidence and Attorney Misconduct* (Case No. 23-11261-BFK, Docket No. 349); (2) *Emergency Motion for Protective Order and Sanctions*

1

(Case No. 23-11261-BFK, Docket No. 351); (3) *Debtor's Consolidated Motion for Restart of Case, Stay of Orders, and Evidentiary Hearing Due to New Evidence and Attorney Misconduct* (Case No. 23-11261-BFK, Docket No. 353); (4) *Defendant's Motion for Designation of Expert Witness* (Adv. Pro. 23-01062-BFK, Docket No. 165);[1] (5) *Debtor's Consolidated Motion for Restart of Case, Stay of Orders and Evidentiary Hearing Due to New Evidence and Attorney Misconduct* (Adv. Pro. 23-01062-BFK, Docket No. 210); (6) *Emergency Motion for Protective Order and Sanctions* (Adv. Pro. 23-01062-BFK, Docket No. 212); (7) *Debtor's Motion for Evidentiary Hearing to Investigate Improper Influence of False and Defamatory Allegations* (Adv. Pro. 23-01062-BFK, Docket No. 234); and (8) *Debtor's Consolidated Motion for Restart of Case, Stay of Orders, and Evidentiary Hearing Due to New Evidence and Attorney Misconduct* (Adv. Pro. 24-01062-BFK, Docket No. 105) (collectively, the "Motions"). Creditor Harry Kamin filed a Consolidated Opposition to these Motions. Case No. 23-11261-BFK, Docket No. 365; Adv. Pro. 23-01062-BFK, Docket No. 232. The Debtor filed a Reply. Adv. Pro. 23-01062-BFK, Docket No. 237.

On May 13, 2025, the Court heard the parties' arguments. For the reasons stated below, the Court will deny the Motions.[2]

In *Kamin v. Gunkova*, the Court previously denied the Debtor's Request for Reconsideration of Judgment, Supplemental Motion to Reconsider, and Motion to Introduce Newly Discovered Evidence. Adv. Pro. 23-01062-BFK, Docket Nos. 118, 123, 137, 155, 175. The Court also denied the Debtor's Motions for a Stay Pending Appeal, finding that the Debtor did not

---

[1] Under Local Rule 9013-1(L), which incorporates Federal Rule of Civil Procedure 78, the Court denies the Motion as moot.

[2] The Debtor has appealed the Judgments in the two adversary proceedings. Under Bankruptcy Rule 8008(a), when an appeal is pending the Court has the option of deferring consideration of the Motions, denying the Motions or making an indicative ruling that it would grant the Motions. In this case, the Court will deny the Motions.

make any showing of a likelihood of success on the merits. Adv. Pro. 23-01062-BFK, Docket Nos.

169, 192, 219, 230.

Bankruptcy Rule 9023 incorporates Rule 59 of the Federal Rules of Civil Procedure. Under

Rule 59(e), courts in the Fourth Circuit have recognized three grounds for amending a judgment:

"(1) to accommodate an intervening change in controlling law; (2) to account for new evidence

not available at trial; or (3) to correct a clear error of law or prevent manifest injustice." *Braunstein*

*v. Pickens*, 406 F. App'x 791, 798 (4th Cir. 2011) (quoting *Pac. Ins. Co. v. Am. Nat'l Fire Ins. Co.*,

148 F.3d 396, 403 (4th Cir. 1998)). Reconsideration of a judgment is "an extraordinary remedy

which should be used sparingly." *In re Mitrano,* 409 B.R. 812, 820 (E.D. Va. 2009) (quoting *Pac.*

*Ins. Co*., 148 F.3d at 403).

In the present Motions, the Debtor argues that Mr. Kamin improperly alleged that she was

involved with YBM Magnex, for which her partner, Jacob Bogatin, was indicted. She asserts that

she had nothing to do with YBM Magnex, that she has been unfairly tarred with the YBM brush

and that, as a result, the YBM Magnex allegations have infected the entire proceedings before this

Court.

The record sharply contradicts the Debtor's position. In *Kamin v. Gunkova*, the Complaint

alleged that:

> [M]r. Bogatin had been indicted by a grand jury on no less than
> forty-five (45) felony charges . . . . Knowing that Ms. Gunkova and
> ARIA's financial condition was insufficient to obtain a loan, and that
> Mr. Bogatin's criminal charges would impede financing, Ms.
> Gunkova and Mr. Bogatin together decided that they would lure in
> a new partner to join the new company to provide the financial
> backing and clout to purchase the [BNG] Building.

Adv. Pro. 23-01062-BFK, Docket No. 1, ¶ 27; Ex. 1. The Complaint did not allege that the Debtor was involved with YBM Magnex, nor did it allege that the Debtor was indicted in connection with YBM Magnex.

Similarly, in *Kamin v. Gunkova*, the Spoliation Motion against the Debtor did not mention YBM Magnex nor the allegations against Mr. Bogatin.[3] YBM Magnex was never mentioned at the evidentiary hearing on the Spoliation Motion. YBM Magnex was never mentioned in the Court's Memorandum Opinion and Judgment Order granting the Spoliation Motion. Adv. Pro. 23-01062-BFK, Docket Nos. 104, 105.

Similarly, in *Cheney v. Gunkova*, the U.S. Trustee's Summary Judgment Motion did not mention YBM Magnex or the allegations against Mr. Bogatin. YBM Magnex was never mentioned at the hearing on the Summary Judgment Motion. YBM Magnex was never mentioned in the Court's Findings of Fact and Conclusions of Law. Adv. Pro. 24-01062-BFK, Docket Nos. 14, 81.

The controlling law on spoliation and sanctions has not changed since July 25, 2024, when the Court issued its Memorandum Opinion and Judgment Order in *Kamin v. Gunkova*. Adv. Pro. 23-01062-BFK, Docket Nos. 104, 105. The allegations concerning Mr. Bogatin's involvement in YBM Magnex and his indictment are not newly discovered evidence. Those allegations were made on October 30, 2023, when Kamin filed his Complaint. Adv. Pro. 23-01062-BFK, Docket No. 1.

Further, there has been no manifest injustice here. The allegations against Mr. Bogatin were simply allegations against a third party. The Court did not consider those allegations in its ruling on the Spoliation Motion in *Kamin v. Gunkova*, nor did the Court consider those allegations in connection with the Summary Judgment Motion in *Cheney v. Gunkova*. The Court did not consider, nor did the parties offer, any evidence purporting to implicate the Debtor with YBM Magnex or

---

[3] The Court has reviewed the Indexes of the Transcripts for the hearings on June 18, 2024, and June 24, 2024, for the term "YBM." Neither transcript contains a reference to YBM. Adv. Pro. 23-01062-BFK, Docket Nos. 94, 95.

Mr. Bogatin's indictment. As such, the Debtor was not "vilified," much less prejudiced, by the mere presence of those allegations in Kamin's Complaint.

It is improper for the Debtor to assert that Ms. Ohm and Ms. Bennes "repeatedly referenced YBM-related materials in pleadings and hearings without clarifying that the indictment neither named nor implicated Ms. Gunkova." Debtor's Reply Memorandum, Adv. Pro. 23-01062-BFK, Docket No. 237, p. 4. The Complaint was clear in alleging that Mr. Bogatin was indicted in connection with YBM Magnex, not the Debtor. It is equally improper for her to assert that "the smear campaign was silently observed by the Office of the U.S. Trustee (particularly Mr. Micheal Freeman), who had both the knowledge and the duty to correct the record but chose not to." *Id.* The Court is not aware of a single instance in which Mr. Freeman mentioned the YBM Magnex allegations in court. The allegations against Ms. Ohm, Ms. Bennes, and Mr. Freeman are unfounded. They have been recklessly made. If an attorney made these allegations (or participated in drafting the various Motions alleging them), the Court would consider sanctions pursuant to Bankruptcy Rule 9011 and its inherent powers to supervise the conduct of attorneys appearing before the Court. *Chambers v. NASCO, Inc*., 501 U.S. 32, 44–46 (1991). The Court, taking into account the Debtor's *pro se* status, will decline to impose sanctions against the Debtor at this time.

The Debtor's pending Motions will be denied.

It is therefore **ORDERED**:

1.     The Debtor's Motions as described above are denied.

2.     The Debtor is advised that she will have 14 days from the entry of this Order within which to note an appeal by filing a Notice of Appeal with the Clerk of the Bankruptcy Court.

3.     The Clerk shall mail copies of this Order, or provide CM-ECF notice of its entry, to the parties below.

Date: _May 28 2025_____                    /s/ Brian F Kenney
                                               _____
                                               HONORABLE BRIAN F. KENNEY
Alexandria, Virginia                           CHIEF U.S. BANKRUPTCY JUDGE

Copies to:                                     Entered On Docket:  May 28 2025

Matthew W. Cheney
1725 Duke Street, Suite 650
Alexandria, VA 22314
*Plaintiff*

Jack Frankel
1725 Duke Street, Suite 650
Alexandria, VA 22314
*Counsel for Plaintiff*

Katharine Toledo
1725 Duke Street, Suite 650
Alexandria, VA 22314
*Counsel for Plaintiff*

Valeria V. Gunkova
20701 Riptide Sq.
Sterling, VA, 20165
*Pro Se Defendant*